**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CHERALDO ARNEAU,**
Petitioner,

v. Civil Action No. **3:26CV1349 (RCY)**

**MARKWAYNE MULLIN, *et al.*,**
Respondents.

## MEMORANDUM OPINION

Cheraldo Arneau ("Petitioner"), acting through counsel, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 5[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the Court finds that Petitioner's detention without a bond hearing violates the Immigration and Nationality Act (INA) and Petitioner's due process rights, and so the Court will order Respondents to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge.

## I. BACKGROUND

Petitioner, a native and citizen of Haiti, arrived in this country in August 2022 as part of the then-in-place parole program for Cubans, Haitians, Nicaraguans, and Venezuelans ("CHNV Parole Program"). Pet. ¶¶ 29–31. He was paroled into the country, with authorization through August 16, 2023. *Id.* ¶¶ 32–33. On March 25, 2025, DHS announced the termination of the CHNV Parole Program; it issued a formal Notice of Termination on June 12, 2025. *Id.* ¶¶ 35–36.

---

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 4. Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 5, which the Court utilizes and cites as the operative Petition in this matter.

Petitioner was detained by ICE on September 16, 2026, and has been held at Caroline Detention Center since that time. *Id.* ¶ 5. He has not been afforded an individualized bond hearing. *Id.* ¶ 6.

On October 26, 2026, Petitioner filed the controlling § 2241 Petition. The Court directed Respondents to file a responsive pleading addressing, *inter alia*, whether the factual and legal issues presented in this Petition differ in any material fashion from those presented in *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17). Order, ECF No. 6.

Respondents timely submitted a Notice, ECF No. 7, in response to the Court's Order. Consistent with the Court's directive, Respondents advised that no material differences exist between this case and the facts and issues presented in *Mejias Martinez*. Respondents otherwise preserve their objection to the outcome of *Mejias Martinez* and incorporate by reference their arguments from that case into the instant matter.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends, *inter alia*, that 8 U.S.C. § 1226(a) entitles him to a bond hearing. In opposition, Respondents incorporate the arguments asserted in *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY). Not., ECF No. 7. Accordingly, the Court understands Respondents' position to be that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions because, as a parolee, Petitioner remains suspended as an "applicant for admission" still "deemed 'as if stopped at the border.'" *See* Resp. Opp'n, *Mejias Martinez*, Civil Case No. 3:25CV1021 (RCY), ECF No. 9 at 5–9 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

This Court maintains and incorporates the reasoning of *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17), into this Memorandum Opinion.

Once again, the Court faces a case where the petitioner "was not detained in connection with the expiration and termination of his parole." *Mejias Martinez*, 2026 WL 1257330, at *5 (cleaned up). Rather, Petitioner was "'discovered' unlawfully residing in the United States . . . after his temporary permission to be present expired." *Id.* at *4 (quoting *Gomez Villalobos v. Crawford*, No. 2:260CV12-MSD, 2026 WL 1165576, at *4 (E.D. Va. Apr. 29, 2026)). And so the Court once again holds that such a case cannot "be reasonably construed as a valid continuation of the 'legal fiction' that Petitioner was stopped at the border." *Id.* (quoting *Gomez Villalobos*, 2026 WL 1165576, at *4). Specifically, while it is undisputed that Supreme Court case law dictates that

individuals paroled into the country "'are [fictively] treated for due process purposes as if stopped at the border' when the government later considers their '*rights regarding admission*,'" *Id.* (emphasis added) (quoting *Gomez Villalobos*, 2026 WL 1165576, at *3, in turn quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)), the Court is not, at present, considering Petitioner's rights regarding admission. Rather, it is considering Petitioner's basic due process rights. And, as concluded in *Mejias Martinez*, "[p]recedent . . . supports the finding that Petitioner's [established,] unapproved presence affords him some basic procedural due process rights, which here take the form of a full and fair hearing under § 1226(a) to determine the propriety of his continued detention." *Id.* at *5 (quoting *Gomez Villalobos*, 2026 WL 1165576, at *5).

## V. CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition, ECF No. 4, will be GRANTED. The Court will order Respondent to provide Petitioner with a standard[2] § 1226(a) bond hearing before an Immigration Judge.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 29, 2026
Richmond, Virginia

[2] The Court finds no legal support for shifting the operative burdens at this bond hearing, notwithstanding Petitioner's argument that doing so is the only way to guarantee a constitutionally adequate bond hearing. *See* Pet. ¶¶ 9, 78. The Fourth Circuit has made clear that "it is the Petitioner, not the Government, who bears the burden under the processes established by the Attorney General to demonstrate he is not a danger to the community nor a flight risk." *Lopez Garcia v. Guadian*, 190 F.4th 305, 314 n.3 (4th Cir. 2026) (citing *Miranda v. Garland*, 34 F.4th 338, 356 (4th Cir. 2022)).